UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY BRODZKI,<br>    Plaintiff, | )<br>)<br>) |
| v. | )   CIVIL ACTION NO. 11-11796-DJC<br>) |
| U.S. DEPARTMENT OF JUSTICE,<br>    Defendant. | )<br>)<br>) |

**MEMORANDUM AND ORDER**

**CASPER, J.**                                                                                        **October 21, 2011**

**I.      Introduction**

On October 7, 2011, Plaintiff Anthony J. Brodzki ("Brodzki"), a prolific federal filer and a resident of North Richland Hills, Texas, filed a skeletal, self-prepared complaint against the United States Department of Justice. The complaint is virtually unintelligible. It is set forth in stream-of-consciousness narrative form. However, from what the Court can glean from the complaint and the civil cover sheet attached to it, Brodzki seeks to assert civil rights claims under 42 U.S.C. § 1983[1] and/or a Federal Tort Claims Act ("FTCA") claim.

Specifically, Brodzki contends that "[the] Justice department is doing activities which are violating my privacy. They are operating on a void agreement which they claim to have possession of." Id. Brodzki does not specify the nature of the alleged agreement, nor does he specify how his privacy is being violated; however, he asserts that "[c]omputer software and ambient corporation equipment, and neurophone 552xs are being used." Id. He asserts that since the "research" is being conducted in Boston, Massachusetts, venue is proper. Id.

---

[1] For purposes of this Memorandum and Order, this Court will construe the constitutional claims as raised not under § 1983 (involving state action), but as claims under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) ("Bivens") because he asserts federal governmental action.

In addition to monetary damages of $25 million, Brodzki seeks an injunction "ordering the justice department to stop all harassment mind and body." Id. He also asks that certain individuals be ordered to testify "before dropping the case as to this privacy activity." Id. He further demands that an individual identified as Mike Sang, FBI Chicago, be called to testify before this Court finds this to be "a frivolous case."[2] Id.

## II.  Discussion

### A.  The Motion for Leave to Proceed *In Forma Pauperis*

Upon review of Brodzki's financial disclosures, the Court finds that he lacks sufficient funds to pay the filing fee for this action. Accordingly, his Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) is ALLOWED.

### B.  Screening of the Complaint

Because Brodzki is proceeding *in forma pauperis*, his Complaint is subject to screening under 28 U.S.C. § 1915(e)(2). This statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2); Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Further, in addition to the statutory screening requirements under § 1915, the Court has an independent obligation to inquire, *sua sponte*, into its subject matter jurisdiction. See McCulloch

---

[2] A review of public records obtained through PACER reveals that Brodzki filed a suit in the Northern District of Texas against an individual named Mike Seng. That action was transferred to the United States District Court for the District of Illinois and then dismissed *sua sponte* for failure to state any basis for jurisdiction or any cognizable claims. See Brodzki v. Seng, Civil Action No. 1:09-cv-07147-JWD (N.D. Ill) (Minute Entry, Docket No. 7).

v. Velez, 364 F.3d 1, 5 (1st Cir. 2004);  Fed. R. Civ. P. 12(h)(3).

For purposes of preliminary screening, this Court liberally construe Brodzki's complaint because he is proceeding *pro se*.  See Hughes v. Rowe, 449 U.S. 5, 9 (1980);  Haines v. Kerner, 404 U.S. 519, 520 (1972);  Instituto de Educacion Universal Corp. v. U.S. Dept. of Education, 209 F.3d 18, 23 (1st Cir. 2000).  Nevertheless, even under a liberal construction, Brodzki's complaint must be dismissed for the reasons discussed below.

    C.       Lack of Jurisdiction; Sovereign Immunity

As a threshold matter, Brodzki's claims for monetary damages against the United States Department of Justice must be dismissed because this Court lacks jurisdiction over the claims.  It is well-settled that under the doctrine of sovereign immunity, the United States (including its agencies or instrumentalities) enjoys immunity from suit except in those instances in which it has expressly consented to be sued.  See FDIC v. Meyer, 510 U.S. 471, 475 (1994); United States v. Testan, 424 U.S. 392, 399 (1976).

The United States has waived its sovereign immunity for certain common law torts under the FTCA, 28 U.S.C. § 1346(b), § 2671 *et seq.*, including a waiver of immunity with respect to negligent or wrongful acts of federal employees.  Section 2675(a) provides, in relevant part, that:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a); see McNeil v. United States, 508 U.S. 106, 111-13 (1993); Barrett ex rel.

Estate of Barrett v. United States, 462 F.3d 28, 36 (1st Cir. 2006), cert. denied 550 U.S. 936 (2007). Accordingly, before a federal court may exercise jurisdiction over such a claim, a plaintiff must have filed an administrative claim with the agency allegedly responsible for his damages. See 28 U.S.C. § 2675(a); see also Acosta v. United States Marshals Serv., 445 F.3d 509, 514 (1st Cir. 2006) (FTCA requirement of filing of administrative claim is jurisdictional). The administrative claim must be filed within two years of accrual of the claim unless the action is begun within six months after the date of mailing of the agency's denial of the presentment. See 28 U.S.C. § 2401(b). The litigant may seek relief in federal court only after (1) the agency formally denies the administrative claim; or (2) the agency fails to respond to the administrative claim within six months of the filing of the claim. See 28 U.S.C. § 2765(a).

Here, Brodzki makes a vague reference to having submitted a tort claim to the FBI, but he fails to provide any material information regarding administrative presentment. Thus, this Court cannot find that he has satisfied the requirements for raising a timely FTCA claim in this court. Consequently, Brodzki has not met his burden to show that he obtained a waiver from the Defendant, nor will this Court infer that a waiver of sovereign immunity exists.

In any event, even if this Court were to presume that Brodzki had made an administrative presentment, his FTCA claim in this Court is not cognizable because he fails to set forth any FTCA claim upon which relief may be granted in accordance with Rules 8 and 10 of the Federal Rules of Civil Procedure. See discussion of these rules, *infra*, Para. D (2).

Moreover, since Brodzki's civil cover sheet lists his cause of action as raised (erroneously) under 42 U.S.C. § 1983 (the vehicle for asserting claims based on constitutional violations by state actors), this Court presumes that he is attempting to assert a constitutional tort claim under the

4

FTCA based on invasion of privacy. Such claim is not cognizable under the FTCA. The Supreme Court has held that "Congress views FTCA and <u>Bivens</u> as parallel, complementary causes of action." <u>Carlson v. Green</u>, 446 U.S. 14, 20-21 (1980). This has been interpreted to mean that <u>Bivens</u> is the method by which constitutional tort claims are brought against federal actors, while claims for negligence and certain intentional (but not constitutional) torts are brought against the United States under the FTCA. <u>Washington v. Drug Enforcement Admin.</u>, 183 F.3d 868, 873-74 (8th Cir. 1999). If a government agent intentionally commits an act which violates an objectively reasonable interpretation of the constitution, he is liable under <u>Bivens</u>; however, a claimant such as Brodzki is not permitted to bring a constitutional tort cause of action under the FTCA.

Finally, to the extent that Brodzki seeks injunctive relief to "stop all harassment mind and body," such request is too broad and vague and no such relief may be granted by this Court.[3]

In addition to the legal impediments to any FTCA claim discussed above, there are other legal impediments to any constitutional claims asserted under <u>Bivens</u>.

    D.    <u>Failure to State Plausible Claims Upon Which Relief May Be Granted</u>

        1.    <u>Lack of *Respondeat Superior* Liability Under Bivens</u>

To the extent that Brodzki is asserting <u>Bivens</u> civil rights claims against the United States Department of Justice for actions of federal employees, his claims fail because there is no <u>Bivens</u> liability under a theory of *respondeat superior* liability. <u>See, e.g.</u>, <u>Estate of Rosenberg by Rosenberg v. Crandell</u>, 56 F.3d 35, 37 (8th Cir. 1995); <u>Capozzi v. Department of Transp.</u>, 135 F. Supp. 2d 87,

---

[3]<u>See</u> <u>Brodzki v. State of Nebraska</u>, Civil Action No. 8:11-cv-00091-JFB (D. Neb. 2011). (Memorandum and Order, dated June 23, 2011, Docket No. 7) (dismissing the action and noting that "to the extent Brodzki asks the court to 'order all hostility' against him stopped, such a broad and vague request is not within the court's power to grant").

98 (D. Mass. 2001) (citing Ruiz Rivera v. Riley, 209 F.3d 24 (1st Cir. 2000)).

    2.   Failure to Comply With Fed. R. Civ. P. 8 and 10

Next, this case cannot proceed because Brodzki's complaint materially fails to comport with the pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure.

Rule 10 of the Federal Rules of Civil Procedure governs the form of pleadings and requires a party to state its claims or defenses in numbered paragraphs limited to a single set of circumstances. Fed. R. Civ. P. 10(b). Here, as noted above, the complaint is in narrative form.

More importantly, however, the complaint fails to comply with the requirements of Rule 8(a), requiring a plaintiff to include in a complaint, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests,'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); see Rivera v. Rhode Island, 402 F.3d 27, 33 (1st Cir. 2005). It must afford the defendant(s) a "[']meaningful opportunity to mount a defense.'" Díaz-Rivera v. Rivera-Rodríguez, 377 F.3d 119, 123 (1st Cir. 2004) (quoting Rodriguez v. Doral Mortgage Corp., 57 F.3d 1168, 1172 (1st Cir. 1995)). See Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61, 68 (1st Cir. 2004) ("... the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why").

Here, as noted above, Brodzki's complaint is unintelligible and fails to set forth the necessary "who, what, when, where, and why" information to state plausible claims upon which relief may be granted. Notwithstanding that Brodzki is proceeding *pro se*, he bears the minimal burden to set forth claims in a manner that would permit the defendant a meaningful opportunity to file a response. A

plaintiff must plead more than a mere allegation that the defendant has harmed him.  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

Without belaboring the point, this Court finds that the complaint fails to state any plausible claim against the United States Department of Justice, either under Bivens or under the FTCA.  In light of all of the above, this action is subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) (failure to state a claim) and (iii) (suit for monetary damages against a party who is immune).

This Court need not afford Brodzki an opportunity to cure these impediments, however, because there is a more fundamental problem with this complaint, that warrants dismissal *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) (frivolous or malicious suit).

E.   The Complaint is Frivolous

Section 1915 of Title 28 requires dismissal of a complaint if the Court is satisfied that the action is "frivolous."  28 U.S.C. § 1915(e)(2)(B)(i).  In legal parlance, a claim "is frivolous where it lacks an arguable basis either in law or fact."  Neitzke, 490 U.S. at 325.  The Supreme Court has also held that courts may dismiss *in forma pauperis* complaints *sua sponte* without notice if the claim is based on an "indisputably meritless legal theory" or "factual contentions [that] are clearly baseless."  Denton, 504 U.S. at 32-33); Forte v. Sullivan, 935 F.2d 1, 3 (1st Cir. 1991) (quoting Neitzke, 490 U.S. at 327); see also Street v. Fair, 918 F.2d 269, 272 (1st Cir. 1990).  This complaint is without an arguable basis in fact or law.  The complaint recites fantastical charges which may reasonably be viewed as fanciful or delusional in nature.  Although these matters may be real to Brodzki, the allegations are so fanciful that a reasonable person would find them irrational and completely lacking any factual basis.  Dismissal, therefore, is clearly warranted under these circumstances.

In reaching this conclusion, this Court notes that a review of the public PACER dockets reveals that Brodzki has filed more than 87 cases and 11 appeals in the past two years. He has filed suits against at least 20 states. See Brodzki v. State of Tennessee, Civil Action No. 1:11-cv-00070-SKL (E.D. Tenn.) (Order, Docket No. 9 at 2 entered May 26, 2011, granting defendant's Motion to Dismiss and citing a partial list of cases filed by Brodzki).

This Court also notes that Brodzki's history of filing frivolous lawsuits has led to the Executive Committee of the Northern District of Illinois barring him from filing further actions *pro se* without first obtaining leave to file by the Executive Committee. See Brodzki v. City of Chicago, Civil Action No. 2: 11-cv-00385-AEG and Brodzki v. United States of America, Civil Action No. 2: 11-cv-00414-AEG (E.D. Wisc. (Milwaukee)) (Order (in both cases) Granting Motion to Proceed In Forma Pauperis and Dismissing Complaint) citing In re Anthony J. Brodzki, Civil Action No. 10-cv-4591 (N.D. Ill., July 23, 2010).

In addition to Brodzki's history of frivolous lawsuits in other states and against various other parties, the Court notes that the allegations in this lawsuit are similar to those in at least one of his prior lawsuits filed in the Eastern District of Wisconsin. In that case, Brodzki alleged that the University of Wisconsin's research team was invading his privacy. He also claimed that a vast network of government agents and university researchers were interpreting his thoughts through Microsoft software programming. Specifically, the complaint alleged that the Chicago FBI, the Las Vegas FBI, and the Census Bureau have demonstrated the offending computer system to him personally. See Brodski v. University of Wisconsin, Civil Action No. 2:10-cv-00787-RTR (E.D. Wisc. (Milwaukee)). The court there dismissed the action (finding the claim that hundreds of universities and government organizations were involved in an experiment to record and monitor

8

Brodzki's life through software, or just to listen to him through computer interceptions, was frivolous in that no reasonable person could suppose the case to have any merit). See Decision and Order (Docket No. 5 at 1, entered Sept. 23, 2010).[4]

While it is not entirely clear, this Court reasonably infers that the instant action essentially seeks to raise the same type of privacy claims as raised in his earlier actions, as demonstrated by his reiteration that computer software and other electronic equipment ("ambient corporation equipment") is being used to invade his privacy. His references to Mike Sang, FBI Chicago, and to "research" in Boston all seem to point to the prior allegations raised the District of Wisconsin that have previously been found to be frivolous.

Accordingly, this Court finds that this action is frivolous in its entirety. Consequently, this action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

### III.  Certification That Any Appeal Would Not Be Taken in Good Faith

Pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), this Court finds, and hereby certifies, that, based on the above, any appeal by him of the dismissal of this action would not be taken in good faith. This certification prohibits *in forma pauperis* status on appeal even though Brodzki has been found to be indigent.

Under 28 U.S.C. § 1915(a)(3) "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." Id. Similarly, under Fed. R. App. P. 24(a)(3), a party who has been permitted to proceed *in forma pauperis* in the district court may

---

[4]See also Brodzki v. South Dakota State Patrol, Civil Action No. 3:10-cv-03020-RAL (C.D. South Dakota); Order Denying Motion for Leave to Proceed In Forma Pauperis and Dismissing Case (Docket No. 4 at 2) (noting that Brodzki's allegations that some unidentified electronic components used by the South Dakota Highway Patrol caused him to wet himself while driving was fantastic or delusional).

proceed on appeal *in forma pauperis* without further authorization unless the district court certifies that the appeal is not taken in good faith. Id. "[T]he applicant's good faith is established by the presentation of any issue that is not plainly frivolous." Ellis v. United States, 356 U.S. 674 (1958) (*per curiam*); see also Wooten v. District of Columbia Metropolitan Police Department, 129 F.3d 206, 208 (D.C. Cir. 1997). In short, this Court is of the view that any appeal of the dismissal of this case would not deserve additional judicial attention.

Should Brodzki seek to appeal the dismissal of this action, he must pay the $455.00 appellate fee or he must seek leave to proceed *in forma pauperis* directly from the United States Court of Appeals for the First Circuit.

A copy of this Memorandum and Order shall be transmitted to the First Circuit's Clerk's Office for the United States Court of Appeals for the First Circuit.

**IV.    Conclusion**

Based on all of the above, it is hereby Ordered that:

1. Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) is ALLOWED;

2. This action is DISMISSED in its entirety; and

3. This Court CERTIFIES that any appeal of the dismissal of this action would not be taken in good faith.

SO ORDERED.

                                       /s/ Denise J. Casper  
                                       DENISE J. CASPER  
                                       UNITED STATES DISTRICT JUDGE